**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

May 29, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BB&T,**
**Employer Below, Petitioner**

**vs.)    No. 17-0995**   (BOR Appeal No. 2052083)
                (Claim No. 2017015767)

**WILLIAM A. WHIPPLE,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner BB&T, by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. [1]

The issue on appeal is the compensability of Mr. Whipple's claim for worker's compensation benefits. On January 17, 2017, the claims administrator rejected the claim. The Office of Judges reversed the claims administrator's decision in its July 11, 2017, Order and held the claim compensable for a closed fracture of the tibial plateau. The Order was affirmed by the Board of Review on October 20, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Whipple sustained a closed fracture of the right tibial plateau on December 29, 2016, when he when he fell in BB&T's parking lot. Mr. Whipple was treated in the emergency room at Charleston Area Medical Center where he provided a history of dropping his credit card after returning for lunch. When he bent over to pick it up, his left leg went backwards. He felt a pop in his right knee, and he fell on to his right side and landed on his knee. He experienced immediate pain and called an ambulance. The employees' and physicians' report of injury submitted by Mr. Whipple states he fell in the parking lot due to uneven ground.  The claims administrator denied

---

[1] No response was filed on behalf of William A. Whipple.

1

Mr. Whipple's claim on January 17, 2017, as the injury did not arise in the course of and as a result of Mr. Whipple's employment.

On July 11, 2017, the Office of Judges reversed the claims administrator's decision and held the claim compensable for a closed fracture of the right tibial plateau. The Office of Judges found that the evidence of record established that Mr. Whipple injured his knee in the course of his employment and that the only issue was whether the injury resulted from his employment. BB&T argued that Mr. Whipple's injury did not result from the employment because he was injured when he was bending down to pick up his personal credit card that had fallen out of his pocket and onto the pavement in the parking lot. Mr. Whipple argued that he fell because of uneven pavement in the parking lot. The Office of Judges determined that under either set of facts, the claim was compensable. It relied on *Shapaka v. Wheeling Steel Corporation*, 146 W.Va. 319, 119 S.E.2d 821 (1961) in making that determination. In that case, this Court decided that "the claimant's impulsive act did not constitute a deliberate and extensive excursion from his employment". In this case, the Office of Judges found the act of picking up the credit card was an impulsive action that was a "mere deviation" from Mr. Whipple's employment; not a deliberate and extensive excursion from his employment. The Office of Judges also found that the injury occurred in the employer's parking lot, and it is beneficial to an employer when an employee returns to work. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 20, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Whipple was returning to work after his lunch break when he fell while trying to pick up his credit card. The fall occurred on BB&T's property. Therefore, the Board of Review did not err in finding Mr. Whipple was injured in the course of and as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED: May 29, 2018**


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker